IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORBERT CHUNG, | |
| Plaintiff, | No. 21 C 1650 |
| v. | Jeffrey T. Gilbert |
| ARTHUR J. GALLAGHER & CO. and ARTHUR J. GALLAGHER COMPENSATION COMMITTEE, | United States Magistrate Judge |
| Defendants. | |

## ORDER

In an Order entered on January 17, 2025 [ECF No. 209], the Court ordered Defendants to submit to the Court for *in camera* inspection the document that is the subject of Plaintiff's Second Motion to Compel Production of Documents [ECF Nos. 112, 113] ("Motion"). Defendants' counsel submitted via email to the Court a copy of the document (hereinafter referred to as "the document"), which contains a chain of four email communications, for review on January 22, 2025. Later that same day, at the Court's request, Defendants also submitted to the Court the privilege log entry for the document in question. Having now reviewed the document in dispute, and having had an opportunity to discuss the document with the parties at a status hearing held on January 30, 2025, the Court denies Plaintiff's Motion for the reasons discussed below.

As an initial matter, as discussed in the Court's previous Order [ECF No. 209], the Court does not agree with Plaintiff that Defendants waived any privilege objection to the document by their conduct leading up to Plaintiff filing his Motion

and afterwards. The Court already has addressed Defendants' conduct in first denying that any document on their privilege log contained the word "severance," followed by some backtracking on that denial, and then their refusal to identify the privilege log entry in question. *See* 1/17/25 Order [ECF No. 209]. The Court does not condone Defendants' conduct, and it made that point clear in its prior Order. *Id.* But the Court disagrees with Plaintiff that Defendants waived any privilege that otherwise might attach to the document by engaging in that conduct. Nothing that Defendants did amounts to the intentional relinquishment of a known right in the classic sense of waiver, and the Court also does not believe Defendants' conduct merits a finding that they waived any privilege that might attach to the document. The Court previously ordered Defendants to provide Plaintiff with their privilege log entry for the document, which Defendants had refused to do believing wrongly that doing so could waive their privilege, and the issue has now been teed up to the Court in a way that it can be definitively decided.

On the merits, the Court finds that the email communications in the document do not relate to the administration of the Arthur J. Gallagher & Company Severance Plan or Plaintiff's eligibility for severance benefits under that Plan which are at issue in Plaintiff's Second Amended Complaint [ECF No. 172]. The document in question— a series of four emails sent and received on January 8, 2020—relates to the drafting of a separation agreement between Plaintiff and Arthur J. Gallagher & Company. The subject or "re" line of each of the emails is "NC [presumably Plaintiff Norbert Chung] agreement, version 2.1." Plaintiff argues that one of the people on the email

2

chain, Van McClellan, is a "functional fiduciary" of the Severance Plan and, therefore, if the communications in the document relate to Plaintiff's eligibility for severance benefits and/or administration of the Severance Plan, then the document should be produced to Plaintiff under the fiduciary exception to any claimed attorney-client privilege. The fiduciary exception, Plaintiff argues, prevents Defendants from shielding from Plaintiff otherwise privileged communications relating to his eligibility for benefits under the Severance Plan or the administration of the Plan as a Plan beneficiary.

Cutting to the chase, the Court need not decide whether Mr. McClellan is a "functional fiduciary" of the Severance Plan for purposes of determining whether the fiduciary exception applies to the communications in question. Even if Mr. McClellan could be characterized as a functional fiduciary of the Severance Plan because of his position as Vice President of Human Resources for Gallagher Benefits Services, as Plaintiff argues and which the Court emphasizes it is not deciding on the current record, so the fiduciary exception could apply under the right circumstances, the communications contained in the emails to which Mr. McClellan was a party do not relate to the administration of the Severance Plan or Plaintiff's eligibility for benefits under that Plan. Rather, the communications relate to the drafting of a separation agreement between Plaintiff and Defendant Arthur J. Gallagher & Company. Mr. McClellan is the author or sender of two of the emails in the chain, and those emails flow from what appears to be, at least in this context, Mr. McClellan's role as a draftsperson or scrivener of the agreement with Plaintiff referenced in the subject

3

line.[1] Neither Mr. McClellan nor anyone else in the email chain says anything about the administration of the Severance Plan or Plaintiff's eligibility for benefits under that Plan. Therefore, even if some of the content of the email chain in the document being withheld from production is relevant to one or more of Plaintiff's claims, which is not disputed in the briefing of the Motion, the Court finds that the document is protected by the attorney-client privilege (something that Plaintiff does not contest), and it is not subject to production under the fiduciary exception to the privilege.

For the purpose of deciding whether the email communications in the document relate to the administration of the Severance Plan, the Court does not agree with Plaintiff that the concept of "plan administration" is as broad as he says it is. Plaintiff does not cite case law or anything else to support his broad characterization of what "plan administration" means, which he says "includes (but is not limited to): a severance decision, Plaintiff's eligibility for severance, a determination of what amount of severance would be due to Plaintiff, whether to communicate with Plaintiff regarding severance, and the effect of severance on Plaintiff's other unvested equity." Motion [ECF Nos. 112. 113], at 10-11. That proffered definition conveniently seems to cover everything involved in this case from Plaintiff's perspective. Whether that is an appropriate definition or not, Mr. McClellan, who Plaintiff names as a "functional

---

[1] During the status hearing on January 30, 2025, the Court misspoke and identified Mr. McClellan as the author or sender of just one of the emails in the chain. He was the author or sender of two of the emails. In neither of those emails, however, does he weigh in on or engage with the legal advice being provided by Defendants' inside lawyers. His role in the email communications is to confirm that he will make the language changes in the agreement being discussed by others in the email chain.

4

fiduciary" of the Severance Plan, does not speak to or opine about any of the matters that Plaintiff argues are part and parcel of plan administration nor is he asked to do so by others on the email chain. Again, his presence in the email chain is due to his role as scrivener or draftsperson of Plaintiff's separation agreement and not as a fiduciary, functional or otherwise. *See Brooks v. Pactiv Corp.*, 729 F.3d 758, (7th Cir. 2013) ("Fiduciary acts include, for example, the management and administration of the plan the management and disposition of plan assets, the dispensation of investment advice, and making benefits determination."). In the Court's view, this resolves the issues that need to be resolved on Plaintiff's Motion.

Accordingly, for the reasons discussed above, Plaintiff's Second Motion to Compel Production of Documents [ECF Nos. 112, 113] is denied.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: February 4, 2025